UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In the Matter of:

                              Case No. HL 08-09535

LEO MARTIN URBAN,

    Debtor.
_____/

LEO MARTIN URBAN,

    Plaintiff,

                              Adv. Pro. No. 09-80069

-vs-

MICHIGAN DEPARTMENT OF TREASURY,

    Defendant.
_____/

## FIRST PRETRIAL ORDER

This pretrial order is based upon the pleadings and the timely filed written pretrial statements of Plaintiff and Defendant.

### Jurisdiction

Jurisdiction exists pursuant to 28 U.S.C. § 1334. The parties agree that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and that this Court may therefore render a final judgment or order subject to appellate review (28 U.S.C. § 158).

### Jury Trial

No request for a jury trial has been filed.

### Issues

Plaintiff/Debtor seeks a declaration that taxes allegedly owed by him to the State of Michigan are dischargeable notwithstanding 11 U.S.C. § 523(a)(1) because the taxes were allegedly assessed more than three years before the commencement of his case (i.e., before October 27, 2008.

The State of Michigan contends that the taxes were assessed against him in December 2008 and February 2009.

## Pleadings

The pleadings appear to be in order. There shall be no amendments except by leave of this Court or by consent of the parties. FED.R.BANKR.P. 7015(a).

## Dispositive Motions

Dispositive motions, together with supporting briefs, shall be filed and served no later than **July 3, 2009**. Responsive briefs shall be filed no later than 21 days after service of movant's brief, or **July 24, 2009**, whichever is first. Reply briefs will not be accepted without leave of the Court. All briefs filed with the Court shall include two (2) copies for the judge and his clerk.

## Discovery

Neither party has requested a further extension for discovery. Discovery is closed. However, the parties may agree without court order to conduct further discovery.

## Witness Lists and Exchange of Exhibits

The parties shall exchange and file with the Court (original plus two copies for the judge's chambers) their respective witness lists on or before **July 10, 2009**. A copy of each party's witness list shall also be filed with the Court. The information in the witness list shall conform with the information required by FED.R.BANKR.P. 7026 and FED.R.CIV.P. 26(a)(3)(A)(i) and (ii) and 26(a)(4).

On or before **July 10, 2009**, each party shall exchange and file with the Court an index that identifies the documents and other exhibits referred to in FED.R.BANKR.P. 7026 and FED.R.CIV.P. 26(a)(3)(A)(iii). The index shall be organized as required by FED.R.CIV.P. 26(a)(3)(A)(iii) and conform with FED.R.CIV.P. 26(a)(4). In addition, Plaintiff's exhibits shall be indexed as "Plaintiff's Exhibits 1, 2, 3," etc. and Defendant's exhibits shall be indexed as "Defendant's Exhibits A, B, C," etc.

Each party shall also serve upon the other party(ies) a copy of each exhibit identified in the index filed with the court at the same time the index is filed. Each exhibit shall be marked to correspond to its designation in the index (*e.g.*, Plaintiff's Ex. 1, etc.). If there are more than 10 exhibits identified in the index, then the exhibits shall be bound. **The exhibits to be served upon the other party(ies) are not to be filed with the court.** However, two (2) copies of the exhibits

2

should be delivered to the Clerk's office for delivery to the judge's chambers at the same time that copies are being delivered to the other party(ies).

The purpose of the required exchange of witness lists and indexed exhibits is to minimize the risk of a party being unfairly surprised at trial and to facilitate the efficient use of the time allocated for trial. Failure to comply with the required exchange may result in sanctions pursuant to FED.R.BANKR.P. 7016(f), including, but not limited to, the refusal to allow an undisclosed witness to testify or the refusal to admit an undisclosed exhibit.

The parties are encouraged to stipulate to the admission of exhibits before trial and, when possible, to submit a joint exhibit book in lieu of separate exhibit books. However, a joint exhibit book will be accepted only if all parties agree that all exhibits to be offered in the trial by any of the parties (with the exception of rebuttal exhibits) are included in the joint exhibit book.

Consistent with FED.R.BANKR.P. 7026 and FED.R.CIV.P. 26(a)(3)(B), each party shall serve and properly file by **July 24, 2009**, a list disclosing (1) any objection to the use under FED.R.CIV.P. 32(a) of a deposition designated by another party under FED.R.CIV.P. 26(a)(3)(A)(ii); and (2) any objection, together with the grounds for it, that may be made to the admissibility of the documents and other exhibits identified by another party in the index filed with the Court. Failure to disclose an objection other than an objection based upon FRE 402 or 403 will constitute a waiver of that objection at trial unless excused by the Court for good cause.

## Trial Briefs

A trial brief can be an effective advocacy tool since it outlines for the Court the party's proofs and legal arguments before the actual trial. **Trial briefs are required.** The trial brief should include both a statement of the material facts which the party intends to establish at trial and the application of those facts to the pertinent legal issues. The time for filing trial briefs will be set at the final pretrial conference. Failure to file a timely trial brief may result in that party being denied the opportunity to offer an opening statement or a closing argument at trial.

## Alternate Dispute Resolution / Status Conference

The court encourages settlement and, as such, encourages the parties to pursue alternate dispute resolution as a way to resolve this matter. If the parties should agree upon some form of alternate dispute resolution, then the parties may file a joint motion with the court requesting deadline and trial date extensions so as to accommodate the alternate dispute resolution procedure agreed upon. However, in no event shall such a motion be filed with the court any later than **July 3, 2009**.

3

The parties also may at any time by mutual agreement request the court to hold a status conference to facilitate settlement.

### Final Pretrial Conference

**A final pretrial conference will be held on July 30, 2009 at 1:00 p.m. in Lansing, Michigan.** At this hearing, the parties should be prepared to discuss all matters related to the efficient trial of this adversary proceeding, including, but not limited to, admission of exhibits, the order of testimony, the identification of contested and uncontested issues and stipulated facts. **The parties should also be prepared to identify which witnesses' testimony each party intends to offer through a written statement in lieu of direct examination and why the party believes that direct examination is necessary for those witnesses who will not have written statements submitted on their behalf.** Unless excused by the court prior to the hearing, the court requires the attorneys who intend to actually try the case (the "trial attorneys") to attend the final pretrial conference. Failure of one or more of the trial attorneys to attend the final pretrial conference without the court's consent will constitute grounds for awarding sanctions against the offending party. FED.R.BANKR.P. 7016(f).

### Trial Date

A trial date will be set at the final pretrial conference.

Dated: JUN 11 2009
at Grand Rapids, Michigan

_____ 6/11/09
Honorable Jeffrey R. Hughes
United States Bankruptcy Judge

**PLEASE NOTE:** The above hearing may be adjourned or continued one or more times by telephonic or written request if no objection is made at the hearing or by oral request at the hearing if no objection is made or if the objection is overruled. The court may also sua sponte adjourn or continue the hearing one or more times. If an adjournment or continuance of the above hearing is permitted, parties in interest will not be given written notice of the adjourned or continued date or any subsequent adjournment or continuance. Information regarding the time, date and place of any adjourned or continued hearing may be accessed through the Bankruptcy Court's web site (www.miwb.uscourts.gov) provided the person has a PACER login and password, or by visiting the Clerk's Office of the United States Bankruptcy Court located at One Division NW, 2nd Floor, Grand Rapids, Michigan. Information about a PACER login and password may be obtained by either contacting the PACER service center by telephone between 8:00 a.m. and 5:00 p.m. Monday through Friday CST at (800) 676-6856 or via its web site at http://pacer.psc.uscourts.gov.

4

A copy of this order has been served by the court pursuant to its CM/ECF electronic notification procedures upon:

Michael Shawn Mahoney, Esq.
Amy M. Patterson, Esq.